1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                              San Francisco Division

11    META PLATFORMS, INC.,                    Case No. 22-mc-80237-LB

12                Movant,                       **ORDER**

13         v.                                   Re: ECF Nos. 1 & 2

14    ALPHA EXPLORATION CO., INC.,

15                Respondent.

16

17                                **INTRODUCTION**

18         This case involves Meta's subpoena to non-party Alpha Exploration to compel documents

19    relevant to a lawsuit brought by the FTC in the District of Columbia. Meta contends that —

20    despite its efforts to meet and confer with Alpha — Alpha is foot dragging. It also asks for transfer

21    to the District of Columbia.[1] Because the parties are communicating and have a similar dispute in

22    a different case, they must comply with the court's ordinary discovery procedures, which require

23    them to confer and then submit a joint letter brief. The court may thereafter order Alpha to respond

24    to the two motions but defers that briefing for now.

25

26

27    _____

28    [1] Mots. – ECF Nos. 1 & 2. Citations refer to the Electronic Case File (ECF); pinpoint citations are to
      the ECF-generated page numbers at the top of documents.

ORDER – No. 22-mc-80237-LB

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GENERAL LEGAL STANDARDS**

Federal Rules of Civil Procedure 45(d) and 26 guide the court's enforcement of non-party subpoenas. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). Rule 26 provides that the court "may limit discovery if 'the discovery sought . . . [is] obtain[able] from some other source that is more convenient, less burdensome, or less expensive' or if 'the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id.* (quoting Fed. R. Civ. P. 26(b)). Non-parties that are unrelated to the litigants should not be burdened in discovery to the same extent as litigants, and requests to them must be drawn narrowly to meet specific needs for information. *Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *3 (N.D. Cal. Oct. 31, 2018) (collecting cases).

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The moving party has the burden of showing exceptional circumstances. *Id.* advisory committee's note to 2013 amendment. "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *Id.* Still, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Factors relevant to the transfer decision include "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-MC-80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) (cleaned up). Courts hold that transfer is appropriate when the issuing court has already considered the issues implicated by the subpoena motions. *Id.*

United States District Court
Northern District of California

**ANALYSIS**

The parties have been communicating (perhaps not productively) about the dispute.[2] They also have a similar discovery dispute that is the subject of a letter brief in *Klein v. Meta Platforms, Inc.* Disc. Letter Br., No. 3:20-cv-08570-JD (N.D. Cal. Sept. 2, 2022), ECF No. 350.[3]

Given the discussions and overlap, and because it would be helpful to have Alpha's perspective in a more informal and cost-effective letter brief, the court defers consideration of the motions, and instead directs (1) Meta to serve this order on Alpha and (2) the parties to comply with the dispute procedures in the undersigned's standing order (attached). The procedures require, among other things, that if a meet and confer by other means does not resolve the parties' dispute, lead counsel for the parties must meet and confer (in person if they are in the same town or, in the pandemic, by videoconference if they prefer) and then submit a joint letter brief with information about any unresolved disputes. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." After reviewing the letter brief, the court will evaluate whether further proceedings are necessary, including any further briefing or argument.

For clarity, for the purposes of third-party subpoenas and discovery disputes, the court's standing order's instructions to "parties" is meant to refer to the participants in a third-party discovery dispute (even if they are not formal parties to the underlying litigation). The court views the joint-letter-brief process as more efficient than motion-to-quash briefing because parties can (1) talk with each other, see each other's positions, try to find areas of compromise, and work out disputes amongst themselves, and (2) narrow, sharpen, and focus the issues they cannot resolve before they present those issues to the court. *See Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018). The court hopes that parties (and third parties) approach the process in good faith from that perspective.

---

[2] Mot. to Compel – ECF No. 1 at 5–7.

[3] *Id.* at 5.

United States District Court
Northern District of California

1

**CONCLUSION**

2   The court directs the parties to comply with the discovery procedures in the standing order.

3

4   **IT IS SO ORDERED.**

5   Dated: September 5, 2022

6   _____

7   LAUREL BEELER
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28